UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **THOMAS JASON HOFFPAUIR, ET AL.** | **:** | **CIVIL ACTION NO. 2:23-CV-00470** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **BRAD RUSSELL, ET AL.** | **:** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiffs Thomas Jason Hoffpauir and Laura Reeves. Doc. 15. The motion is opposed by defendants Spartan Housing, LLC and Brad Russell d/b/a Spartan Homes of Lake Charles (collectively, "Spartan"). Doc. 25. Defendants Deer Valley Homebuilders Inc. and Belinda Matt neither joined Spartan's opposition nor filed oppositions of their own. Plaintiffs have filed their reply, making this motion ripe for resolution. Doc. 28. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion be **GRANTED.**

**I.
BACKGROUND**

*A. Plaintiffs' Factual Allegations*

This case arises from plaintiffs' purchase of a manufactured home after Hurricanes Laura and Delta "substantially damaged" their residence in 2020. Doc. 1, att. 1. Following the hurricanes, plaintiffs chose to "start new and purchase an entirely new residence" instead of

-1-

repairing and residing in their damaged home. *Id.* at ¶¶ 3–4. Plaintiffs encountered defendant Belinda Matt while looking to purchase a new home.

Plaintiffs claim Matt "professed to work for Spartan Homes" and convinced plaintiffs to purchase their new home from her employer. *Id.* at ¶ 5. Matt allegedly told plaintiffs they could have a new manufactured home much sooner than a newly built conventional home, which Matt referred to as a "stick home." *Id.* at p. 2, ¶ 7. Specifically, plaintiffs assert Matt assured them they would be in their new manufactured home by September 2021. *Id.* They also state they relied on this assurance when they decided to purchase a manufactured home from Spartan instead of buying or building a "stick home." *Id.* During the sales process, Matt also allegedly assured plaintiffs the homes made by defendant Deer Valley Homebuilders, Inc. were constructed in a highly regulated, climate-controlled facility, which allows for mitigation of weather-related construction delays and minimizes any contamination from external sources. *Id.* at ¶ 8. Defendant Deer Valley's website also relayed this assurance to plaintiffs. *Id.* Plaintiffs claim they also relied on this assurance when deciding to buy a Deer Valley manufactured home from Matt and Spartan because they suffered water damages at their prior residence during the 2020 hurricanes. *Id.*

Through Matt, plaintiffs executed a special order to purchase the manufactured home, and Matt required plaintiffs to pay a deposit to Spartan on April 23, 2021. *Id.* at ¶ 7. Despite Matt's assurances, the home's construction did not begin until October 2021. *Id.* at ¶ 10. Later that year, Matt allegedly told plaintiffs they needed to sign additional documents for their home purchase, which they did on January 7, 2022. *Id.* at ¶ 11. When signing the additional documents, plaintiffs were informed the price of the home increased, and three days later, plaintiffs were informed of another increase in price. *Id.* Matt assisted plaintiffs with the financing for their purchase, which was not complete until February 2022. *Id.* at ¶ 14.

Once the manufactured home was shipped, it allegedly remained at Spartan's facility for three months in conditions that were not weatherproof. *Id.* at ¶ 13. The slab was poured on March 25, 2022, and was ready for the home's delivery two weeks later. *Id.* at ¶ 14. The home was eventually however, delivered in three sections on May 17, 2022. *Id.* at ¶¶ 19–20. Upon its delivery, the home was not weather proofed, portions were not covered properly, and rain caused extensive damage to the unprotected sections of the home. *Id.* at ¶¶ 21–22. Plaintiffs had yet to move into the residence as of the state court petition's filing due to alleged damage to and defects in the home. *Id.* at ¶¶ 23–24.

### B. Procedural Posture

Plaintiffs filed suit in the 38th Judicial District Court, Cameron Parish, Louisiana. Doc. 1, att. 1. In the petition, plaintiffs allege their house has numerous defects, which defendant Deer Valley has failed to repair. *Id.* at ¶¶ 25–28. They also claim the sale of the house should be rescinded because their reason for buying the manufactured home was to live in a new house, not one that has undergone substantial repairs. *Id.* at ¶ 29. Plaintiffs say they "have suffered injury, inconvenience, aggravation, added expenses, loss of income, added interest expense, wasted insurance costs, rental fees, mental anguish, and other damages." *Id.* at ¶ 30. The petition claims all four defendants should be liable in solido for all damages, attorney's fees, costs, interest, and other appropriate relief.

Spartan removed the lawsuit to this court, alleging diversity jurisdiction exists because all properly joined defendants have different citizenships than both plaintiffs. Doc. 1, pp. 3–5. Spartan acknowledged defendant Matt's citizenship would destroy complete diversity but asserted she was improperly joined as a defendant solely to destroy diversity jurisdiction. *Id.* at ¶ 17. Plaintiffs filed the instant Motion to Remand, claiming Matt was not improperly joined and thus this court does

not have subject matter jurisdiction over this lawsuit. Doc. 15. Spartan disagrees and asserts plaintiffs have failed to set forth sufficient facts to suggest they could have a cause of action against Matt. Doc. 25.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 W.S. 251, 256, 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)). Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 29 U.S.C. § 1441(a). However, a federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472 (1996). There is no dispute that plaintiffs are diverse from all defendants, except Matt. Thus, our sole concern is whether plaintiffs improperly joined Matt as a defendant in this case to destroy this court's subject matter jurisdiction.

### C. *Improper Joinder Standards*

When determining subject matter jurisdiction, a court may disregard a non-diverse party's citizenship if the party was improperly joined. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). If removal is based on a claim that a non-diverse party has been improperly joined,

then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The party seeking removal bears a "heavy" burden of proving the joinder was improper. *Id.* at 574.

Here, Spartan did not allege actual fraud. Thus, the only pertinent question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The possibility of liability must be "reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The removal statute, though, is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

To determine whether defendants have demonstrated that plaintiffs have "no possibility of recovery" against the non-diverse defendant, the court will conduct a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. When conducting a Rule 12(b)(6)-type analysis, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim

for relief. *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). To be clear, the court is not deciding the merits of this case but rather determining whether plaintiffs presented sufficient factual matter to state a claim to relief that is plausible on its face.

### D. Application

Plaintiffs assert that the allegations of the state court petition support claims against Matt for detrimental reliance as well as negligent or intentional misrepresentation. Doc. 15, att.1, pp. 1–2. Spartan argues plaintiffs lack a cause of action against Matt for detrimental reliance because the petition "provides no detail as to the alleged promises made by Matt that Plaintiffs relied on to their detriment." Doc. 25, p. 9. Spartan also claims plaintiffs failed to allege the damages they suffered due to their alleged reliance on Matt. *Id.* Spartan goes so far as to assert that plaintiffs "received the thing for which they had bargained." *Id.* Spartan further proclaims plaintiffs lack causes of action against Matt for negligence and negligent misrepresentation because they have not alleged personal injuries. *Id.* at pp. 2–6. Furthermore, Spartan claims plaintiffs have not alleged Matt knew or should have known her representations were false or incorrect, which should also bar any cause of action for negligent misrepresentation. *Id.* at pp. 6–8.

To establish a claim for detrimental reliance,[1] a party must prove three elements: (1) a representation by conduct or word; (2) justifiable reliance on the representation; and (3) a change in position to one's detriment resulting from the reliance. *Suire v. Lafayette City-Parish Consol. Govt.*, 907 So. 2d 37, 59 (La. 2005) (string citation omitted); *Cenac v. Orkin, L.L.C.*, 941 F.3d 182, 198 (5th Cir. 2019) (footnote citation omitted). The Fifth Circuit has held the first element requires

---

[1] Louisiana's theory of detrimental reliance is based in contract law, and thus, the parties' arguments about tort liability under *Canter* do not apply. *Stokes v. Georgia-Pacific Corp.*, 894 F.2d 764, 770 (5th Cir. 1990). *See Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973) (adopting criteria for imposing individual tort liability on employees). *See also Simmons, Morris & Carroll, LLC v. Capital One, N.A.*, No. 12-464, 2012 WL 3231040, **5–6 (W.D. La. Aug. 6, 2012) (Walter, J.) (applying *Canter* analysis to negligent misrepresentation claim but not to detrimental reliance claim in resolving charge of improper joinder).

a promise, not just a mere representation. *Koerner v. CMR Construction & Roofing, L.L.C.*, 910 F.3d 221, 232 (5th Cir. 2018). As noted by the Supreme Court of Louisiana, "the basis of detrimental reliance is 'the idea that a person should not harm another person by making promises that he will not keep.'" *Suire*, 907 So. 2d at 59. Thus, the focus of a detrimental reliance analysis is whether a representation was made "in such a manner that the promisor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment." *Id.*

The court notes at the outset that plaintiffs' factual allegations in the petition are accepted as true for purposes of this analysis. The state court petition alleges Matt told plaintiffs in April 2021 that if they purchased a manufactured home from Spartan and paid the deposit on April 23, 2021, plaintiffs would be living in their new home by September 2021. Doc. 1, att. 1, ¶ 7. Matt also informed plaintiffs the manufactured home they would be purchasing would be constructed in a climate-controlled facility, thereby speaking to plaintiffs' apprehension toward weather-related damage and delays. *Id.* at ¶ 8. These factual allegations, accepted as true, indicate Matt made promises—assurances to do or not do something in the future—to plaintiffs.[2] *See Koerner*, 910 F.3d at 232 (adopting the definition of "promise" for detrimental reliance claims).

During their interactions, Matt professed to plaintiffs that she worked for Spartan selling manufactured homes. If this factual allegation is true, and the court must accept it as such, Matt should have expected plaintiffs to rely on her representations. Indeed, Matt being a salesperson, it is reasonable to conclude these representations were made to be relied upon by plaintiffs to influence their purchase decision.

Plaintiffs' previous house suffered such substantial weather-related damage during Hurricanes Laura and Delta that they decided to start fresh with a new home instead of enduring

---

[2] Again, this conclusion is not intended to be a finding on the merits that is precedential in this case.

the rigors of repairing and residing in their damaged one. Matt assured plaintiffs the manufactured homes she sold were constructed in a highly regulated, climate-controlled facility, which allows for mitigation of weather-related construction delays and minimizes any contamination from external sources. Matt also assured plaintiffs a relatively quick delivery of their new home. Based on these facts, it is plausible that plaintiffs will be able prove their reliance on Matt's representations was justifiable.

After discussing their options with Matt, plaintiffs decided to buy a manufactured home from her employer rather than buying or building a conventional house. Accordingly, plaintiffs paid the deposit, the purchase price, and homeowner's insurance for the house sold by Matt. Furthermore, plaintiffs now have the exact home they did not want: one with damage that needs repairing. Finally, plaintiffs have been unable to live in the house Matt sold to them. Taken as true, these factual allegations provide a reasonable basis for this court to predict plaintiffs will be able to show a change in position to their detriment resulting from reliance on Matt's representations.

Accordingly, plaintiffs pled sufficient factual matter, when accepted as true, to state a plausible detrimental reliance claim against defendant Belinda Matt. Because plaintiffs have stated at least one plausible claim to relief against Matt, we need not address the parties' arguments about other possible causes of action. Therefore, defendant Belinda Matt was not improperly joined to this matter, and this court lacks subject matter jurisdiction over this lawsuit because complete diversity of citizenship does not exist.

## III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 15] be **GRANTED** and that this matter be **REMANDED** to the 38th Judicial District Court, Cameron Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 29th day of February, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE